**O'BRIEN, BELLAND & BUSHINSKY, LLC**
509 S. Lenola Road
Building 6
Moorestown, New Jersey 08057
(856) 795-2181
By:    Steven J. Bushinsky, Esquire
       W. Daniel Feehan, Esquire

*Attorneys for Plaintiffs*

UNITED STATE DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| TRUSTEES of the REFRIGERATION, AIR CONDITIONING & SERVICE DIVISION (UA-NJ) PENSION FUND, WELFARE FUND, ANNUITY FUND and EDUCATION FUND; for and on behalf of themselves and said funds; REFRIGERATION, AIR CONDITIONING & SERVICE DIVISION (UA-NJ) PENSION FUND, WELFARE FUND, ANNUITY FUND; and the NEW JERSEY COMMITTEE REPRESENTING THE UNITED ASSOCIATION OF PLUMBERS and PIPEFITTERS of the UNITED STATES and CANADA, an unincorporated labor organization,<br><br>*Plaintiffs*,<br><br>v.<br><br>DELONG SERVICE COMPANY, INC.,<br>*Defendant*. | Civil Action No.:<br><br><br><br><br><br>**COMPLAINT** |

Plaintiffs, by and through undersigned counsel, state as follows:

## JURISDICTION AND VENUE

1.     The jurisdiction of this court is invoked pursuant to Sections 502(e)(1)

and (f), and 515, and 502 of the Employee Retirement Income Security Act of 1974

("ERISA"), 29 U.S.C. §1132(e)(1) and (f), and §1145, and §1132 respectively;, and

§301 of the Labor Management Relations Act ("LMRA"), and 29 U.S.C. §185; and

Title 28, Judiciary and Judicial Procedure, Section 1331 Federal Question, 28 U.S.C.

§1331.

2.      The jurisdiction of this Court is invoked pursuant to Section 502 and

515 of ERISA, 29 U.S.C. §1132 and §1145 respectively, and Section 301 of the

LMRA, 29 U.S.C. §185, and the common law of ERISA.

3.      This Court is one of proper venue pursuant to Section 502(e)(2) of

ERISA, 29 U.S.C. §1132(e)(2) because the Plan is administered, and the breach

took place, in the District of New Jersey.

4.      A copy of this Complaint is being served on the Secretary of Labor and

the Secretary of Treasury of the United States by certified mail in accordance with 29

U.S.C. §1132(h).

## PARTIES

5.      Plaintiffs, Refrigeration, Air Conditioning & Service Division (UA-

NJ) Pension Fund, Welfare Fund, Annuity Fund and Education Fund ("Funds"),

are trust funds established and maintained pursuant to Section 302(c)(5) of the

LMRA, 29 U.S.C. §186(c)(5) and are employee benefit plans established and

maintained pursuant to Section 3(1)(2) and (3) of ERISA, 29 U.S.C. §1002(1), (2)

and (3), for the purpose of providing health benefits and other benefits to eligible participants. The Funds are also multiemployer plans within the meaning of Sections 3(37) and 515 of ERISA, 29 U.S.C. §1002(37) and §1145.

6. The Funds have standing to commence this action, and are further authorized to sue in their own names, pursuant to Section 502(d)(1) of ERISA, 29 U.S.C. §1132(d)(1).

7. The Trustees are "fiduciaries" of the Funds within the meaning of Section 3(21) of ERISA, 29 U.S.C. §1002(21)(A) with respect to the collection of contributions due to the Funds.

8. The Trustees bring this action on behalf of the Funds, committee members, participants and beneficiaries pursuant to Section 502 of ERISA, 29 U.S.C. §1132, Section 515 of ERISA, 29 U.S.C. §1145, and Section 301 of LMRA, 29 U.S.C. §185.

9. The Funds maintain their principal place of business at 830 Bear Tavern Road, 2nd Floor, West Trenton, NJ 08628.

10. The Funds bring this action on behalf of their Trustees, committee members, participants and beneficiaries pursuant to Section 502 of ERISA, 29 U.S.C. §1132, and Section 301 of LMRA, 29 U.S.C. §185.

11. Plaintiff, New Jersey Committee Representing the United Association of Plumbers and Pipefitters of the United States and Canada ("Union"), is an

3

unincorporated labor organization representing employees for the purpose of collective bargaining within the meaning of Section 301 of the Taft Hartley Act, 29 U.S.C. §185.

12.     Defendant, Delong Service Company, Inc. ("Delong"), is referred to as "Defendant" or "employer" or "party in interest" as defined in Sections 3(5) and 3(14) of ERISA, 29 U.S.C. §1002(5) and (14) respectively, and was and is an employer in an industry affecting commerce within the meaning of Section 301 of LMRA, 29 U.S.C. §185.

13.     Upon information and belief, Defendant Delong's principal place of business is located at 747 Stony Hill Road, Yardley, PA 19067-5519.

14.     Upon information and belief, Defendant Delong conducts or has conducted business in the State of New Jersey.

## COUNT ONE

15.     The Funds incorporate the allegations in Paragraphs 1 through 14 of this Complaint as if set forth herein in their entirety.

16.     At all times relevant hereto, Defendant Delong was a party to or agreed to abide by the terms and conditions of a CBA with one or more local labor unions or district councils affiliated with the Funds and the New Jersey Committee Representing the United Association of Plumbers and Pipefitters of the United States and Canada.

17. At all times relevant hereto, Defendant Delong agreed to abide by the terms of the Agreements and Declarations of Trust ("Trust Agreements") which govern the Funds, as well as the Policy for Collection of Fringe Benefit Contributions ("Policy"). The Trust Agreements and the Policy set forth the rules and regulations with respect to participation in, and administration of, the Funds.

18. By virtue of the CBA, Trust Agreements, the Policy, and in accordance with federal law and administrative regulations, Defendant Delong agreed:

a. To remit fringe benefit contributions to the Funds on behalf of eligible employees of Defendant Delong;

b. To remit fringe benefit contributions to the Funds in a timely manner;

c. To submit monthly remittance reports to the Funds detailing all employees who worked in a given period of time and the amount of contributions to be remitted on behalf of said employee; and

d. To pay liquidated damages, interest, interest penalty, audit costs, and all costs of litigation, including attorneys' fees, expended by the Funds to collect any amounts due as a consequence of Defendant Delong's failure to comply with its contractual and statutory obligations.

19. Despite Defendant Delong's clear and unequivocal obligations under the terms of the parties' CBA, Trust Agreements, and the Policy, Defendant Delong

5

has failed to remit the total amount of employee fringe benefit contributions that are due to the Funds on behalf of eligible employees for the period of time, including, but not limited to, October 1, 2015 through December 31, 2018.

20.     Payment of the delinquent contributions and penalties assessed against Defendant Delong has been demanded by the Funds on numerous occasions, but Defendant Delong has refused to submit the required payments.

21.     Such delinquencies, if not paid in full immediately, constitute prohibited transactions under 29 U.S.C. §1106(a)(1)(B).

22.     Defendant Delong's failure to remit timely fringe benefit contributions has resulted in a violation of 29 U.S.C. §1145.

23.     This action is brought by the fiduciaries of the Funds pursuant to Section 502(g)(2), 29 U.S.C. §1132(g)(2), and Section 515 of ERISA, 29 U.S.C. §1145, pursuant to which this Court is directed to award all unpaid contributions, interest, interest penalty, liquidated damages up to or exceeding twenty percent (20%), reasonable attorneys' fees, court costs, and any other fees or relief which the Court deems appropriate.

        **WHEREFORE**, Plaintiff Funds respectfully request the following relief:

        a.     Order Defendant Delong to pay all contributions due and owing to the Funds;

6

b.     Order Defendant Delong to pay interest on the delinquent contributions as provided by 29 U.S.C. §1132(g);

c.     Order Defendant Delong to pay liquidated damages in the amount of twenty percent (20%) as provided by 29 U.S.C. §1132(g);

d.     Order Defendant Delong to pay an interest penalty on the delinquent contributions as provided under the terms of the CBA;

e.     Order Defendant Delong to specifically perform all obligations to the Funds under the CBA;

f.     Order Defendant Delong to pay the Funds' reasonable attorneys' fees incurred in the prosecution of this action as provided by 29 U.S.C. §1132(g); and

g.     Order any such other and further relief as this Court may deem equitable, just and appropriate.

## COUNT TWO

24.     The Funds incorporate the allegations in Paragraphs 1 through 23 of this Complaint as if set forth herein in their entirety.

25.     Defendant Delong is required by the controlling CBA(s), Trust Agreements, plan documents of the ERISA Funds and applicable federal law to permit the Funds to audit their records, to cooperate in determining the

7

contributions due to the Funds, and to pay the cost of the audit if found to be delinquent.

26.     The amount of fringe benefit contributions that Defendant Delong is required to pay to the Funds is based upon the number of hours worked by and paid to employees who perform work that is governed by the terms of the applicable CBA.

27.     The Funds are without sufficient information or knowledge to plead the precise nature, extent, or amount of Defendant Delong's delinquency because a complete set of books, records, and information necessary to determine this liability are in the exclusive possession, custody, control, and knowledge of Defendant Delong.

28.     Defendant Delong has failed to produce all the requested documents to perform a full and accurate audit.

29.     The Funds and their fiduciaries or officers are adversely affected or damaged by the lack of a full and accurate audit as, among other things, they have a fiduciary duty to audit, confirm amounts due, and collect amounts owed, from contributing employers, such as Defendant Delong.

30.     The Funds and their fiduciaries or officers have no adequate remedy at law for lack of a full and accurate audit as the calculation of any damages

8

suffered as a result of this breach can only be ascertained from an audit of Defendant Delong.

**WHEREFORE**, the Funds respectfully request the following relief:

a.     Order Defendant Delong, their officers, agents, servants, employees, attorneys and all others, to permit an audit of all records under the actual or constructive control of Defendant Delong, and in the absence of such records, to cooperate in alternative methods for the determination of work for which contributions are due; and

b.     Grant any such other and further relief as this Court may deem equitable, just and appropriate.

## COUNT THREE

31.     The Funds incorporate the allegations in Paragraphs 1 through 30 of this Complaint as if set forth herein in their entirety.

32.     On information and belief, the Defendant Delong has failed to make fringe benefit contributions to the Plaintiffs as required by the CBA and Trust Agreements in a period not barred by any applicable statute of limitations or similar bar.

33.     The Plaintiffs are without sufficient information or knowledge to plead the precise nature, extent and amount of Defendant Delong's delinquency

since the books, records and information necessary to determine this liability are in the possession, control or knowledge of the Defendant Delong.

34.     On information and belief, the Plaintiffs have been damaged by the failure of Defendant Delong to make contributions as required by its CBAs and Trust Agreements.

**WHEREFORE**, the Funds respectfully request the following relief:

a.     After an audit has been performed, enter judgment against Defendant Delong in favor of the Funds for the contributions found to be due and owing by the audit, together with interest at the rate prescribed by 26 U.S.C. §6621 from the due date for payment until the date of actual payment, liquidated damages of up to twenty percent (20%) of the unpaid contributions, the cost of the audit, and reasonable attorneys' fees and costs incurred in this action and in connection with any proceedings to enforce or collect any judgment; and

b.     Grant any such other and further relief as this Court may deem equitable, just and appropriate.

## COUNT FOUR

35.     The Funds incorporate the allegations of paragraphs 1 through 34 of the Complaint as if set forth herein in their entirety.

36.     A money judgment or other remedy available at law is inadequate because Defendant Delong has shown their disregard of their contractual and legal

10

obligations by their refusal to permit an audit, a consistent pattern of delinquencies and other acts.

37.     Unless ordered otherwise by this Court, Defendant Delong will continue their conduct in violation of the CBA and, as a result, fail to remit contributions owed, and Plaintiff Funds and their participants will be irreparably damaged.

38.     All other conditions precedent to equitable relief have been satisfied.

**WHEREFORE**, the Plaintiff Funds ask that the Court:

a.     Permanently restrain and enjoin Defendant Delong, their officers, agents, servants, employees, attorneys, and all others in active concert or participation with them from continuing to violate the terms of the current CBA between Defendant Delong and Plaintiff Union and from violating such other CBAs as may from time to time be entered by the said parties providing for the timely filing of remittance reports with complete, accurate and proper information and timely payment of contributions to the Plaintiff Funds and Union for so long as Defendant Delong is contractually required to do so; and

b.     Grant such other or further relief, legal or equitable, as may be just, necessary or appropriate.

11

Respectfully submitted,

**O'BRIEN, BELLAND & BUSHINSKY, LLC**

*Attorneys for Plaintiffs*

By:

W. Daniel Feehan, Esquire
Steven J. Bushinsky, Esquire
O'Brien, Belland & Bushinsky, LLC
509 S. Lenola Road
Building 6
Moorestown, NJ 08057
856-795-2181/Fax: 856-581-4214
dfeehan@obbblaw.com

Dated: April 13, 2021